IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN MENGE, | * | Case No. _____ |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **COMPLAINT** |
| | * | **AND JURY DEMAND** |
| SIMONS TRUCKING, INC. | * | |
| | * | |
| | * | |
| Defendant. | * | |

COMES NOW the Plaintiff, Kevin Menge, by and through his undersigned counsel, and for his cause of action against Simons Trucking Inc. states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction of this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as the claims set forth herein arise under federal law—specifically, the Family Medical Leave Act, 29 U.S.C. § 2301 *et seq.* and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. Venue is proper in this Court, as the unlawful actions set forth herein took place in Dubuque County, Iowa, which is within the Northern District of Iowa's Eastern Division.

## PARTIES

3. Plaintiff Kevin Menge is and was at all times material hereto a resident of Cascade, Dubuque County, Iowa.

4. Defendant Simons Trucking, Inc. is an Iowa corporation with its principle place of business in Farley, Dubuque County, Iowa.

# COUNT I
## Violation of the Family Medical Leave Act ("FMLA")
### 29 U.S.C. § 2301 *et seq.*

5. Plaintiff Kevin Menge ("Menge") was employed by Defendant Simons Trucking, Inc. from approximately May 2009 through approximately January 8, 2020.

6. Defendant is an employer within the meaning of the FMLA.

7. Menge qualified for FMLA leave during his employment with Defendant.

8. Menge suffered a heart impairment that required him to undergo hospitalization and surgery in October 2018.

9. Menge's heart impairment qualified as a "serious health condition" under the FMLA.

10. Menge worked the requisite number of hours to qualify for FMLA leave.

11. Menge timely provided Defendant notice of his need to take FMLA leave in October 2018.

12. Defendant approved Menge's request to take FMLA leave beginning in October 2018.

13. Menge was on protected FMLA leave for his heart condition from approximately October 12, 2018 through Friday, January 4, 2019 and returned to work on Monday, January 7, 2019.

14. From the start of his employment and at the time Menge started his protected FMLA leave on October 12, 2018, Menge had held the position of Parts and Service Manager.

15. As Parts and Service Manager, Menge typically worked approximately 60 hours per week and received "overtime" pay of time and a half his usual hourly pay rate for any hours he worked over 50 hours per week.

16. As Parts and Service Manager, Menge supervised several employees including mechanics and other shop personnel.

17. Upon Menge's return from protected FMLA leave on Monday January 7, 2019, Defendant demoted Menge to a newly-created position in which his duties were limited to organizing and tracking inventory.

18. In demoting Menge to the inventory position, Defendant also cut his hours to approximately 40-45 per week.

19. In demoting Menge to the inventory position, Defendant also moved Menge to an isolated area in which he had little interaction with others.

20. Upon Menge's return from FMLA leave, Defendant failed to return Menge to the same position he held when leave commenced, or to an equivalent position with equivalent benefits, as required under the FMLA.

21. Defendant demoted Menge because he took protected FMLA leave.

22. Defendant cut Menge's hours, which resulted in a loss of income, because he took protected FMLA leave.

23. Defendant failed to provide Menge with written notice of his FMLA rights as required by the FMLA.

24. Defendant's actions constituted unlawful interference with Menge's FMLA rights.

25. Defendant's actions constituted unlawful retaliation under the FMLA.

26. As a result of Defendant's conduct, Menge has been damaged.

**WHEREFORE** Plaintiff Kevin Menge respectfully prays that this Court enter judgment against Defendant Simons Trucking, Inc. and award damages for lost wages, lost benefits,

liquidated damages, reasonable attorney fees, court costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## COUNT II
### Violation of Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA")
### Failure to Compensate Overtime Wages

27. Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

28. Defendant is an "employer" within the meaning of the Fair Labor Standards Act of 1938, as amended January 1, 2007, and at all times material hereto was an enterprise engaged in commerce or in the production of goods for commerce.

29. Plaintiff qualified as a "non-exempt" employee under the FLSA and its implementing regulations, and Defendant was therefore required to pay him an "overtime" rate of one and one-half times his usual hourly rate for all hours he worked beyond 40 in a week.

30. Defendant failed to compensate Plaintiff at an "overtime" rate of one and one-half times his usual hourly rate, for all hours he worked beyond 40 in a week, as required by the FLSA.

31. Defendant's failure to compensate Plaintiff at an "overtime" rate of one and one-half times his usual hourly rate for all hours he worked beyond 40 in a week was willful.

32. Plaintiff is entitled to liquidated damages.

33. As a result of Defendant's unlawful conduct, Menge has been damaged.

**WHEREFORE** Plaintiff Kevin Menge respectfully prays that this Court enter judgment against Defendant Simon's Trucking, Inc. and award him damages, including damages for overtime compensation and interest, liquidated damages, plus reasonable attorney fees, and court

costs, all with interest as provided by law, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

34. Plaintiff hereby demands a trial by jury.

                        Respectfully Submitted,

By /s/ Melissa C. Hasso
Melissa C. Hasso          AT0009833
By /s/ Emily E. Wilson
Emily E. Wilson          AT0013860
**SHERINIAN & HASSO LAW FIRM**
111 E. Grand Ave., Suite 212
Des Moines, IA 50309
Telephone (515) 224-2079
Facsimile (515) 224-2321
Email: melissah_sherinianlaw@msn.com
       ewilson@sherinianlaw.com
ATTORNEYS FOR PLAINTIFF

5
Case 2:20-cv-01016-LTS-MAR   Document 1   Filed 05/05/20   Page 5 of 5