# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| KEVIN MENGE,<br><br>      Plaintiff,<br><br>vs.<br><br>SIMON'S TRUCKING, INC.,<br><br>      Defendant. | No. C20-1016-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS** |

## I. INTRODUCTION

This case is before me on a partial motion (Doc. 16) to dismiss filed by defendant Simon's Trucking, Inc. Simon's Trucking seeks to dismiss portions of Counts III, IV and V of plaintiff Kevin Menge's amended complaint under Federal Rule of Civil Procedure 12(b)(6). Specifically, Simon's Trucking seeks to dismiss any claims that are based on acts that are alleged to have occurred before July 5, 2019, because they were not timely raised in administrative proceedings. Menge has filed a resistance (Doc. 17) and Simon's Trucking has filed a reply (Doc. 18). I find that oral argument is not necessary. *See* Local Rule 7(c).

## II. FACTUAL ALLEGATIONS

According to his amended complaint (Doc. 15), Menge was employed by Simon's Trucking from May 2009 until January 8, 2020.[1] He worked as a parts and service manager from the time he was hired until October 2018, when he requested and received leave under the Family and Medical Leave Act (FMLA) to obtain treatment for a serious

---

[1] On a motion to dismiss under Rule 12(b)(6), I must accept the facts alleged in the complaint as true. *Trone Health Servs., Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

heart condition. He remained on FMLA leave until January 4, 2019, and returned to work on January 7, 2019. Upon his return, Simon's Trucking placed Menge into a newly-created position with duties and opportunities that were different from, and inferior to, those he had before his FMLA leave. In his original position as a parts and service manager, Menge had worked approximately 60 hours per week, receiving overtime pay for every hour worked over 50, and had supervisory responsibilities. In his new position, he was tasked only with organizing and tracking inventory and was permitted to work only 40 to 45 hours per week. Simon's Trucking told Menge that his position was changed, and his hours reduced, out of concern for his health. However, Menge did not have any medical restrictions at that time.

In June 2019, Menge suffered a diabetic ulcer on his leg. The ulcer substantially limited his ability to stand, walk and lift. According to his doctor, however, he could continue to work as long as he avoided heavy lifting and prolonged standing and was allowed to take breaks to sit and elevate his leg.

On June 11, 2019, Menge requested modifications to his work duties to accommodate his restrictions. His supervisor refused to grant the request and told Menge to stay home until he was "100% healed." Simon's Trucking did not permit Menge to work from June 11, 2019, until August 5, 2019, and his employment was terminated on January 8, 2020.

### III. PROCEDURAL HISTORY

Menge filed an administrative complaint with the Iowa Civil Rights Commission (ICRC) and the Equal Employment Opportunity Commission (EEOC) on April 30, 2020, alleging that Simon's Trucking discriminated against him in various ways due to his age and disability. Doc. 15 at 13-17. He described his disability as "Impairments to cardiovascular system and leg." *Id*. at 14. Menge then commenced this action on May 5, 2020, filing a complaint that asserted claims under the FMLA (Count 1) and the Fair Labor Standards Act (FLSA) (Count II). Doc. 13 at 1.

On June 19, 2020, Menge amended his administrative complaint to add diabetes as an additional disability. Doc. 15 at 18. On August 6, 2020, he requested administrative releases from the ICRC and the EEOC.[2] He then sought and received leave to file an amended complaint in this case, adding three new claims:

> Count III: Violations of the Iowa Civil Rights Act (ICRA) – Disability Discrimination
>
> Count IV: Violations of the Americans With Disabilities Act, As Amended (ADAAA)
>
> Count V: Violations of the ICRA – Age Discrimination

Docs. 13, 14, 15. Simon's Trucking filed its motion (Doc. 16) to dismiss on September 4, 2020.

## IV. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

---

[2] Menge states that he received his ICRC right-to-sue letter on August 27, 2020, but, as of September 16, 2020, was still awaiting the EEOC's letter. Doc. No. 17 at 1.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment." *McMahon v. Transamerica Life Ins.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes," pursuant to Federal Rule of Civil Procedure 10(c). Thus, when the pleadings necessarily embrace certain documents, I

4

may consider those documents without turning a motion to dismiss into a motion for summary judgment. *Id.* These documents include "exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

## V. ANALYSIS

Simon's Trucking seeks to limit the scope of Counts III, IV and V because certain of the alleged, discriminatory actions occurred more than 300 days before Menge filed his administrative complaint. In particular, Simon's Trucking contends that (1) its reassignment of Menge's position after his FMLA leave, (2) its reduction of Menge's work hours and (3) its denial of his request for accommodations all occurred more than 300 days before April 30, 2020. For this reason, Simon's Trucking argues that Menge failed to exhaust his administrative remedies as to these adverse actions and any discrimination claims that arise from them must be dismissed.

Dismissing a discrimination claim under Rule 12(b)(6) for failure to exhaust administrative remedies is proper unless there are "questions of material fact . . . as to the timeliness of the complainant's efforts to exhaust" them. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011); *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (explaining that "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," but an exception exists where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"). To assert a timely claim under the ICRA or the ADA, a complainant must file an administrative complaint within 300 days of the discriminatory act or practice. *See* Iowa Code § 216.15(13); 42 U.S.C. § 12117(a) (applying the procedures in 42 U.S.C. § 2000e-5, including its 300-day limitations period, to ADA claims). Claims based on discriminatory actions that predate the 300-day window are time-barred and subject to dismissal. *See Tusing v. Des Moines Indep. Sch. Dist.*, 639 F.3d 507, 520 (8th Cir. 2011) (claims stemming from acts that occurred prior to the limitations period are barred); *Farmland Foods, Inc. v. Dubuque Human Rights Comm'n*, 672 N.W.2d 733, 741 (Iowa 2003) (discrete discrimination acts predating limitations period are barred).

In *Farmland Foods*, the Iowa Supreme Court noted a distinction between discrimination claims based on discrete acts and discrimination claims based on a hostile work environment. The Court explained the "continuing violation" doctrine applies to hostile work environment claims, so long as at least some of the unlawful conduct occurred within the limitations period. 672 N.W.2d at 741. By contrast, when discrete discriminatory acts are alleged, each such act "is separately actionable, and a claim based on discrimination must be filed within the relevant limitation period after the act occurred." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)). Here, as noted above, Menge's age and disability discrimination claims are

6

based on discrete events, not a hostile work environment. As such, the continuing violation doctrine does not apply.

There is no question of material fact as to whether Menge's discrimination claims were timely as to certain of the alleged, discriminatory events. Menge alleges that he was subjected to age and disability discrimination on three distinct dates:

1. January 7, 2019 (when Simon's Trucking reassigned him to a new position and reduced his hours)

2. June 11, 2019 (when Simon's Trucking denied his request for disability accommodations)

3. January 8, 2020 (when Simon's Trucking terminated his employment)

Doc. 15 at ¶¶ 9, 48, 52. Menge filed his administrative complaint on April 30, 2020, meaning any discriminatory actions that occurred more than 300 days before that date (i.e., before July 5, 2019) are beyond the limitations window. Menge's claim that he was discharged for discriminatory reasons clearly falls within that window. However, Simon's Trucking is correct that Menge's claims are untimely to the extent they are based on the actions of (1) reassigning him to a new position, (2) reducing his work hours and (3) denying his request for accommodations. As such, Menge's claims under the ICRA and the ADA as to those discrete events must be dismissed. With regard to Counts III, IV and V, Menge may seek relief only for any discriminatory acts that occurred on or after July 5, 2019.[3]

---

[3] Menge does not appear to argue against this result, instead arguing that time-barred acts of discrimination may be used as evidence to support his timely claims. This is generally true. *See, e.g., Morgan*, 536 U.S. at 113. However, this is not an evidentiary ruling. Any disputes as to the evidence Menge may present in support of his timely discrimination claims will be resolved at the appropriate time.

## *VI.    CONCLUSION*

For the reasons stated herein, defendant's partial motion (Doc. 16) to dismiss is **granted**, as follows:

1.      All claims asserted in Counts III, IV and V of the amended complaint (Doc. 15) that are based on alleged, discriminatory acts that took place before July 5, 2019, are **dismissed**.

2.      Counts III, IV and V of the amended complaint (Doc. 15) remain pending with regard to any claims that are based on alleged, discriminatory acts that took place on or after July 5, 2019.

**IT IS SO ORDERED.**

**DATED** this 8th day of December, 2020.

_____
Leonard T. Strand, Chief Judge